# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTOPHER W. MALONEY, | DOCKET NUMBER |
| Appellant, | DA-0752-13-0667-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE, | DATE: November 4, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher W. Maloney, San Antonio, Texas, pro se.

Lawrence Lynch, Esquire, San Antonio, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal with prejudice for failure to prosecute. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown for the delay. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2      On May 30, 2013, the agency issued a Notice of Proposed Furlough informing the appellant that he would be furloughed for no more than 16 hours in each of the pay periods or parts thereof between July 8 and September 21, 2013, and that the maximum furlough time would be no more than 11 discontinuous workdays, for a maximum of 88 hours.  By written notice of June 20, 2013, the deciding official informed the appellant that, as outlined in the proposal notice, he would be required to be on a discontinuous furlough during the period between July 8 and September 21, 2013.  Initial Appeal File (IAF), Tab 1.

¶3      The appellant filed a Board appeal challenging the furlough.  He indicated that he wished to register as an e-filer.  *Id.* at 2.

¶4      Subsequently, the administrative judge issued a Furlough Procedures Order, and he scheduled a preliminary telephonic status conference for January 20, 2015.  IAF, Tab 5.  When both parties failed to appear, the administrative judge issued an Order and Summary of Telephonic Status Conference wherein he informed the parties that the Board may impose sanctions as necessary to serve the ends of justice, including dismissal of the appeal if the appellant failed to prosecute it or appropriate sanctions against the agency for failure to defend the appeal.  IAF, Tab 6.  The administrative judge ordered the parties to affirmatively advise him if they intended to prosecute, or defend, the appeal, and stated that their responses must be received by him by January 27, 2015.  He also scheduled another preliminary status conference for January 28, 2015.  The agency timely replied, indicating its intention to defend the appeal.  IAF, Tab 7.  The appellant did not respond.  The agency appeared for the scheduled status conference, but the appellant did not.

¶5      On January 29, 2015, the administrative judge issued an initial decision dismissing the appeal with prejudice for failure to prosecute.  IAF, Tab 8, Initial Decision (ID) at 1, 3.  He found that the appellant failed to exercise basic due diligence in prosecuting his appeal because he failed on three separate occasions to follow Board orders.  Specifically, the administrative judge found that the

appellant failed to appear for the original status conference, failed to respond affirmatively to the Board that he wished to continue his appeal, and failed to appear for the second status conference. ID at 2-3. The administrative judge informed the parties that the initial decision would become final on March 5, 2015, if neither party filed a petition for review. ID at 3.

¶6     On August 6, 2015, the appellant electronically filed a "Response to Request for Reopening" accompanied by a petition for review of the initial decision.[2] Petition for Review (PFR) File, Tab 1. The agency responded in opposition to the appellant's petition. PFR File, Tab 5.

¶7     Generally, a petition for review must be filed within 35 days after the issuance of the initial decision, or, if the appellant shows that he received the initial decision more than 5 days after the date of the issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the administrative judge issued the initial decision on January 29, 2015, and the certificate of service shows that it was served electronically that date on the appellant. IAF, Tab 9. As noted, the administrative judge informed the parties that the initial decision would become final on March 5, 2015, if neither party filed a petition for review. ID at 3; *see* 5 C.F.R. § 1201.113.

¶8     The appellant filed a petition for review on August 6, 2015, or 5 months past the initial decision's finality date. PFR File, Tab 1. He argues that he was never contacted on any of the occasions claimed because he "switched agencies" in November 2014 and was "out of state" from December 2014 to May 2015. He also asserts that he did not have access to "the email address associated with" his account. He contends that the Board could have called him or sent a letter to his home, but did not do so. *Id.* In an acknowledgment letter, the Office of the Clerk of the Board informed the appellant that his petition for review was untimely filed and that he could file a motion with the Board to accept his filing as timely filed

---

[2] Inexplicably, the appellant also filed a notice of the termination of his e-filer status with the regional office on that same date. IAF, Tab 10.

or to waive the time limit for good cause. PFR File, Tab 4. He did not respond to the letter.

¶9     We first note that our e-filer regulations provide that pleadings and Board documents served electronically on registered e-filers are deemed to have been received on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2). Thus, we deem the appellant to have received the initial decision on January 29, 2015, and that his petition, therefore, was 5 months untimely. *See Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009).

¶10    The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition for review. *See Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶11    We find that the appellant has not demonstrated good cause for his untimely filed petition for review. Although an appellant's pro se status is a factor weighing in his favor, it is insufficient to excuse his untimeliness. *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶ 8 (2004). The appellant's 5-month delay in filing his petition for review is significant. *See, e.g.*, *Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008).

¶12    The appellant argues that he did not receive the documents that the Board served upon him electronically, including, presumably, the initial decision,

because he changed jobs, was out of state, and no longer had access to the email address he had provided.  We find that the appellant's allegations do not establish good cause for waiving the filing deadline.  First, our e-filer regulations provide that, as a registered e-filer, the appellant agreed to accept documents through electronic service and, further, that he was required to monitor his case activity at the Repository at e-Appeal Online to ensure that he received all case-related documents.  5 C.F.R. § 1201.14(e), (j)(3).  As to the appellant's purported lack of access to his account after changing jobs and/or relocating, our regulations further provide that each e-filer must notify the Board and other participants of any change in his or her email address.  5 C.F.R. § 1201.14(e)(6).  The appellant failed to do so.  He also, at any time, could have withdrawn his registration as an e-filer, 5 C.F.R. § 1201.14(d)(4), and, if he had, the Board no longer would have served documents upon him in electronic form.  Because he did not do so, however, the Board properly continued to treat him as an e-filer.  In sum, having considered the appellant's arguments on review, we find that he has failed to show that he exercised due diligence or ordinary prudence in this case that would justify waiving the filing deadline and that his petition for review must be dismissed as untimely filed with no good cause shown for the delay.

## ORDER

¶13        This is the final order of the Merit Systems Protection Board concerning the timeliness of the petition for review.  The initial decision remains the final decision of the Board concerning the dismissal of the appeal for failure to prosecute.  5 C.F.R. § 1201.113(c).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.